```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

BRANDON ALAN MCCARTHY and Other  )
Inmates,                         )
                                 )
          Plaintiffs,            )
                                 )       C.A. No. 20-10615-WGY
     v.                          )
                                 )
HAMPTON ROADS REGIONAL JAIL,     )
                                 )
          Defendant.             )
```

**ORDER**

**March 30, 2020**

YOUNG, D.J.

For the reasons stated below, the Court orders that this action be DISMISSED without prejudice.

On March 24, 2020, pro se plaintiff Brandon Alan McCarthy filed a document (Docket Entry No. 1) with the caption "Please Help." Purporting to speak on behalf of the prisoners at Hampton Roads Regional Jail in Portsmouth, Virginia, McCarthy "call[s] for . . . absolute adherence to all of the inherent and inalienable rights, set forth in the Universal Declaration of Human Rights," including medical care "necessary to prevent the contraction and spreading of COVID 19." Id. at 1-2.

Even construing McCarthy's filing as liberally as possible, he cannot maintain his action in the United States District Court for the District of Massachusetts because venue does not

exist in this jurisdiction and the Court does not have personal jurisdiction over jail officials in Virginia.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the presumed defendants are not residents of Massachusetts. Subsection (2) does not support venue in this Court because the events giving rise to McCarthy's allegations did not occur in Massachusetts. Because venue would exist in a federal district court in Virginia, subsection (3) is irrelevant.

Further, further, nothing in McCarthy's filing suggests that this Court could exercise personal jurisdiction over any of the persons responsible for the conditions of his confinement. "[T]o hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decrees.'" Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). "The due process clause [of the United States Constitution] 'protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations.'" Cossaboon v. Maine Medical Ctr., 600 F.3d 25, 32 (1st Cir. 2010) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 642-472-72 (1985)). Therefore, "a court is precluded from asserting jurisdiction unless 'the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there.'" Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)) (alteration in original). Here, McCarthy does not suggest, nor can the Court infer, that prison officials at the Hampton Roads Regional Jail have "meaningful contacts" with Massachusetts such they would "reasonably anticipate" being required to defend a lawsuit in this state concerning prison conditions in Virginia.

Accordingly, this action is DISMISSED without prejudice for improper venue and lack of personal jurisdiction.

SO ORDERED.

                              /s William G. Young
                              WILLIAM G. YOUNG
                              UNITED STATES DISTRICT JUDGE